UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL JACKSON-EL, <br><br> Petitioner, <br><br> v. <br><br> RICHARD DOVEY, *et al.*, <br><br> Respondents. | Civil Action No. RDB-18-3899 |

**MEMORANDUM OPINION**

Petitioner Michael Jackson-El, a state prisoner confined at the Maryland Correctional Training Center in Hagerstown, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 1990 conviction for first-degree rape and other charges. (ECF No. 1). In the Petition, Jackson-El argues that the post-conviction court erred in denying him the right to file a belated motion for modification of sentence and the court erred in denying his motion to correct illegal sentence. (ECF No. 1, pp. 5-6). Respondents have filed an Answer in which they argue that the Petition should be dismissed as time-barred. (ECF No. 6). Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), Jackson-El was afforded an opportunity to explain why the Petition should not be dismissed as time-barred (ECF No. 7), and he submitted a Reply to the Answer. (ECF No. 8). Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

**BACKGROUND**

On May 31, 1990, Jackson-El was convicted of two counts of first-degree rape, first degree sex offense, assault with intent to rob, battery and daytime housebreaking. (ECF No. 6-1, pp. 4, 18, 19, 36). He was sentenced to an aggregate term of imprisonment of life plus ten years imprisonment. (*Id*.)

Jackson-El filed a timely appeal. On September 3, 1991, the Court of Special Appeals of Maryland, by published opinion, reversed Jackson-El's conviction for assault with intent to rob[1] and vacated the imposition of a period of probation, but otherwise affirmed Jackson-El's convictions. *Jackson v. State*, 88 Md. App. 248 (1991). Jackson-El filed a timely petition for writ of certiorari in the Court of Appeals of Maryland which was denied on December 10, 1991. *Jackson v. State*, 325 Md. 94 (1991) (Table). Jackson-El did not file a petition for writ of certiorari in the United States Supreme Court. (ECF No. 1, p. 3).

On March 17, 1999, Jackson-El filed his first state post-conviction proceeding. (ECF No. 6-1, p. 20). Jackson-El's motion to withdraw the petition without prejudice was granted on June 2, 2000. (*Id*., p. 22). Jackson-El filed another post-conviction petition on October 9, 2003 (*id*.) and withdrew same without prejudice on November 3, 2004. (*Id*., p. 23). Jackson-El filed a third petition on August 10, 2005, which he withdrew on July 20, 2007. (*Id*., pp. 23, 27).

On March 26, 2013, Jackson-El filed a Motion to Correct an Illegal Sentence which the State opposed. (ECF No. 6-1, p. 27). Jackson-El filed a reply and the state court invited additional briefing by the State. (*Id*., p. 28). In response to that Order, Jackson-El filed an interlocutory

---

[1] On December 6, 1991, the State entered a *nolle prosequi* as to the count for assault with intent to rob. (ECF No. 6-1, p. 198).

"notice of appeal and leave to appeal." (*Id*., pp. 286, 39-47).[2]  On June 27, 2013, the court granted Jackson-El's motion finding he was entitled to 349 days of credit for time served. (*Id*., p. 28). On July 5, 2013, an amended commitment order was entered. (*Id*.).

On August 26, 2013, Jackson-El filed a motion for reconsideration of his sentence pursuant to Md. Rule 4-345(e), which was denied on October 4, 2013. (ECF No. 6-1, pp. 28-29).  Jackson-El filed a "motion for reconsideration, or in the alternative, motion to alter or amend judgment" on October 16, 2013. (*Id*., p. 29). That motion was denied on January 24, 2014. (*Id*.)

On March 5, 2014, Jackson-El filed a "Motion for Appropriate Relief  Requesting the Court to-Re-issue Date of Order entered January 24, 2014, in the Alternative, Motion to Accept Defendant's Notice of Appeal *Nunc Pro Tunc*."  (ECF No. 6-1, pp. 49-62). The motion was denied on April 3, 2014, and the docket does not reflect any appeal or further action was taken. (*Id*. p. 29). Over two years later, on April 26, 2016, Jackson-El again attempted to attack his sentence by filing another motion for reconsideration of sentence pursuant to Md. Rule 4-345(e). (*I*d.,p. 29.). The motion was denied on  May 11, 2016. ( *Id*.)

Jackson-El filed a petition for post-conviction relief on July 14, 2016.  (ECF No. 6-1, p. 30).  After a hearing, relief was denied on July 5, 2017. (*Id*., p. 32).  Jackson-El filed a timely application for leave to appeal which was denied by the Court of Special Appeals. (*Id*., p. 33).  The court's mandate issued on June 6, 2018. (*Id.*)

On July 24, 2017, Jackson-El filed a motion to correct illegal sentence pursuant to Md. Rule 4-345(a), which was denied on August 22, 2017. (ECF No. 6-1, p. 32).  Jackson-El filed a

---

[2] Jackson-El's interlocutory appeal was not dismissed until July 22, 2014 and the court's mandate did not issue until May 24, 2016. (*Id*., p. 30, 48).

notice of appeal, and on October 3, 2018, the Court of Special Appeals affirmed the trial court's order. (*Id*., pp. 34-35).

Jackson-El filed this case on December 13, 2018. (ECF No. 1). *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed filed as of the date it is placed in the prison mail system).

## DISCUSSION

In their Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d). (ECF No. 6.)

**I.      Legal Standard**

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018). A one-year limitations period applies to federal habeas petitions in non-capital cases filed by a person convicted in state court. *Id.* § 2244(d). Specifically:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(l). This one-year period, however, is tolled while properly filed state post-conviction petitions are pending. *Id.* § 2244(d)(2).

Although the statute is silent as to how it should be applied to persons, such as Jackson-El, whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, *i.e.*, until April 24, 1997, to file a petition for writ of habeas corpus in federal court. *Hernandez v. Caldwell*, 225 F. 3d 435, 439 (4th Cir. 2000) (clarifying the filing deadline as April 24, 1997).

## II.     Timeliness

The procedural history reveals that the one-year period elapsed before Jackson-El filed this § 2254 petition. Jackson-El's conviction became final on March 19, 1992, when the time for filing a petition for a writ of certiorari to the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.") Jackson-El did not file any postconviction proceedings until March 17, 1999, when he filed his first state post-conviction petition. (ECF No. 6-1, p. 20). By that time, the statute of limitations had already expired and Jackson-El's filing of state post-convictions petitions and motions did not revive the limitations period. *See, e.g., Gray v. Waters*, 26 F. Supp. 2d 771, 772 (D. Md. 1998) (noting that "the limitations period does not begin to run anew for a year following denial of the state post conviction remedies"); *see also Smith v. McGinnis*, 208 F.3d 13, 16-17 & n.2 (2d Cir. 2000) (explaining that a state collateral proceeding commenced after the one-year limitations period has

5

already expired does not "reset" the start of the limitations period). Given that Jackson-El had no state proceedings pending from April 24, 1996 to April 24, 1997, which could statutorily toll the limitations period, the time for filing his federal petition expired on April 24, 1997 and his petition is time barred.

Even if Jackson-El's 2013 motion to correct an illegal sentence, granted by the court on May 14, 2013 (ECF No. 6-1, pp. 27-28), served as the operative date for calculating the statute of limitations, his petition here is nevertheless untimely. *See Woodfolk v. Maynard*, 857 F.3d 531, 542 (4th Cir. 2017) (explaining "when a state court defendant has been granted a resentencing, the limitations period under § 2244(d)(1)(A) runs from the judgment entered upon resentencing[.]")[3] Jackson-El finished litigating this issue on April 3, 2014, his motion for reconsideration was denied. (*Id*. p. 27). Jackson-El did not file any other proceedings until over two years later, when, on April 26, 2016, he filed a third motion for reconsideration of sentence.[4] Simply stated Jackson-

---

[3] Respondents argue that Jackson-El did not receive a new sentence, rather his commitment order was simply corrected. (ECF No. 6). The Court agrees. The state court's order granting his motion was not a new judgment because his original sentence was not "illegal." Rather, the miscalculation of Jackson-El's credit for time served did not "inhere" in his sentence and, as such Jackson-El's motion to correct an illegal sentence filed pursuant to Md. Rule 4-345(a) was not the appropriate avenue for relief. Instead under Maryland law Jackson-El was required to seek recalculation of his credit for time served in a motion to correct the commitment order pursuant to Md. Rule 4-351. *See Scott v. State*, 379 Md. 170, 190-91 (2004) ("When [the court] corrected Scott's commitment records, however, Rule 4-345 did not apply; rather, Rule 4-351(a), regarding commitment records, governed his actions.").

[4] The time during which Jackson-El's interlocutory appeal, filed on June 11, 2013 was pending, did not toll the limitations period. The interlocutory appeal regarding the trial court's order inviting additional briefing was filed before the trial court granted the motion regarding credit for time served. As such, Jackson-El's interlocutory appeal was not an attack on the "pertinent judgment or claim", *i.e*. his June 27, 2013 judgment of conviction, but rather, was an appeal of the court's request for supplemental briefing. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection".) Additionally, the appeal was not "properly filed" because the appeal was not from a final judgment, and the Court of Special Appeals lacks jurisdiction to hear interlocutory appeals

6

El had no proceedings pending from April 3, 2014 through April 26, 2016 which would statutorily toll the limitations period.

While Jackson-El continued to pursue his claims by filing: a third motion for reconsideration of sentence pursuant to Md. Rule 4-345(e) (ECF No. 6-1, p. 29); a petition for post-conviction relief (*id*., p. 30); and a motion to correct illegal sentence pursuant to Md. Rule 4-345(a) these proceedings were not filed until after the limitations period had expired and do not serve to revive it. *See e.g. Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *see also Brown v. Langley*, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) (holding that "subsequent motions or petitions cannot revive a period of limitation that has already run").

Finally, Jackson-El does not assert, and the Court cannot identify, a basis for finding that any of the provisions setting a later date for the commencement of the limitations period, as specified in 28 U.S.C. § 2244(d)(l)(B)-(D), apply under these circumstances.  Thus, under any reading of the procedural history, the Petition was filed after the expiration of the limitations period and is time-barred.

---

except in narrow circumstances, not present in Jackson-El's case. Md. Code Ann., Cts. & Jud. Proc. §§ 12-301 ("a party may appeal from a final judgment entered in a civil or criminal case by a circuit court."), 12-303 (listing specific interlocutory orders from which a party may appeal). Jackson-El's June 11, 2013 interlocutory appeal was one that the Court of Special Appeals was without jurisdiction to entertain Jackson-El's interlocutory appeal and as such it did not toll the limitations period because it was not properly filed. 28 U.S.C. § 2244(d)(2) (tolling the limitations period only for a "properly filed" application for state post-conviction review); *see Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (holding that an application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings" under state law.) In light of the foregoing, Jackson-El is not entitled to statutory tolling for the appeal that he filed on June 11, 2013.

### III. Equitable Tolling

Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Furthermore, to be entitled to equitable tolling a petitioner must have been "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Here, where Jackson-El erroneously argues that the Petition was timely filed because he diligently pursued state court remedies, he arguably failed to file a timely petition because of a misunderstanding of the applicable law. Because ignorance of the law, even for a self-represented petitioner, does not provide a basis for equitable tolling, the Court finds no persuasive basis for equitable tolling of the limitations period. *See id.*

### IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant,

Jackson-El must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

When a petition is denied on procedural grounds, as is the case here, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Jackson-El's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Jackson-El may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Petition will be DISMISSED as time-barred. The Court declines to issue a certificate of appealability. A separate Order shall issue.


Date:  June 8, 2020                                           ___/s/_____
                                                              RICHARD D. BENNETT
                                                              UNITED STATES DISTRICT JUDGE